NAILAH K. BYRD
1200 ONTARIO
CLEVELAND, OH 44113

Case# CV26140487



9214 8903 0179 8214 0311 07



EXHIBIT

A

tabbies



# RECEIVED

JUN 2 2 2026

CITY OF CLEVELAND
DEPARTMENT OF LAW

CITY OF CLEVELAND
C/O DIRECTOR OF LAW
601 LAKESIDE AVENUE
CLEVELAND OH 441140000

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

KENISHA OLIVER
**Plaintiff**

**V.**

CITY OF CLEVELAND, ET AL.
**Defendant**

**CASE NO.** CV26140487

**JUDGE** STEVEN E GALL

# SUMMONS  SUMC CM

Notice ID:  60937700



| From: | KENISHA OLIVER CO ROBERT O. DONEGAN, JR., 91 KRAFT STREET BEREA OH 44017 | P1 |

| Atty.: | ROBERT OWEN DONEGAN JR 91 KRAFT STREET BEREA, OH 44017-0000 |

| To: | CITY OF CLEVELAND C/O DIRECTOR OF LAW 601 LAKESIDE AVENUE CLEVELAND OH 44114-0000 | D1 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 06/12/2026

By_____
                              **Deputy**

CMSN130



# Cuyahoga County Clerk of Courts
## Nailah K. Byrd

**Multilingual Notice:**

You have been named as a defendant in this Court. You must file an answer within 28 days; if you fail to answer, the Court may enter judgment against you for the relief stated in the Complaint. Seek assistance from both an interpreter and an attorney. Your inability to understand, write, or speak English will not be a defense to possible judgment against you.

1. **Spanish (US)**
   ***Aviso multilingüe:

   Este Tribunal lo ha declarado como acusado. Debe presentar una respuesta en un plazo de 28 días. Si no contesta en dicho plazo, el Tribunal podrá dictar sentencia en su contra por el amparo que se detalla en la demanda. Solicite la ayuda de un intérprete y de un abogado. Su incapacidad para comprender, escribir o hablar inglés no se considerará como defensa ante una posible sentencia en su contra.

2. **Somali**
   ***Ogeysiis luqadda badan ah:

   Waxaa laguu magacaabay sida eedeysane gudaha Maxkamadan. Waa in aad ku soo gudbisaa jawaab 28 maalmood gudahood; haddii aad ku guuldareysto jawaabta, Maxkamada laga yaabo in ay gasho xukun adiga kaa soo horjeedo ee ka nasashada lagu sheegay Cabashada. Raadi caawinta ka timid labadaba turjubaanka iyo qareenka. Karti la'aantaada aad ku fahmo, ku qoro, ama ku hadasho Af Ingiriisiga ma noqon doonto difaacida xukunkaaga suuralka ah ee adiga kugu lidka ah.

3. **Russian**
   ***Уведомление на разных языках:

   Вы были названы в качестве ответчика в данном суде. Вы должны предоставить ответ в течение 28 дней; если Ваш ответ не будет получен, суд может вынести решение против Вас и удовлетворить содержащиеся в жалобе требования. Воспользуйтесь услугами переводчика и адвоката. Тот факт, что Вы не понимаете английскую речь и не можете читать и писать по-английски, не является препятствием для возможного вынесения судебного решения против Вас.

4. **Arabic**
   ***ملاحظة متعددة اللغات:

   لقد تم اعتبارك مدعى عليهـ في هذه المحكمة. يجب أن تقدم ردا خلال 28 يوما؛ وإذا لم تقم بالرد، فقد تصدر المحكمة حكما ضدك بالتعويض المنصوص عليهـ في هذه الشكوى القضائية. اطلب المساعدة من مترجم فوري ومحام. فلن تعد عدم قدرتك على فهم اللغة الإنجليزية أو كتابتها أو تحدثها دفاعا لك أمام الحكم المحتمل ضدك.

5. **Chinese (Simplified)**
   ***多語版本通知：

   您在本法庭已被列为被告·您必须于28 日内递交答辩状；如果没有递交答辩状，法庭会针对诉状中声明的补救措施对您作出不利判决·请向口译人员和 律 师寻求帮助·您无法理解、书写或说英语的情况不能作为对您可能作出不利判决的辩护理由。

Justice Center, 1st Floor • 1200 Ontario Street • Cleveland, Ohio 44113-1664 • 216.443.7950

Ohio Relay Service 711 • Website: coc.cuyahogacounty.us



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**June 11, 2026 00:06**

By: ROBERT OWEN DONEGAN 0098096

Confirmation Nbr. 3881196

KENISHA OLIVER                          CV 26 140487

vs.

CITY OF CLEVELAND, ET AL.               **Judge:** STEVEN E. GALL

**Pages Filed: 7**

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

KENISHA OLIVER
c/o Robert Donegan Jr., 91 Kraft Street,
Berea, Ohio 44017,

Plaintiff,

v.

CITY OF CLEVELAND,
c/o Director of Law, 601 Lakeside Ave.,
Cleveland, Ohio 44114;

CUYAHOGA COUNTY, OHIO,
c/o Board of County Commissioners,
2079 East Ninth St., Cleveland, OH 44115;

DETECTIVE JOHN DOE and
OFFICERS JOHN/JANE DOE 1–5,
(names presently unknown), individually
and in their official capacities,
Defendants.

Case No. _____

Judge _____

COMPLAINT FOR DAMAGES
(42 U.S.C. § 1983 and Ohio law)

JURY DEMAND ENDORSED HEREON

---

Now comes Plaintiff Kenisha Oliver, by and through undersigned counsel, and for her Complaint against Defendants states as follows:

### PARTIES

1.  Plaintiff Kenisha Oliver is, and at all relevant times was, an adult resident of the State of Georgia. She is the person who was prosecuted, and acquitted, in *State v. Oliver*, Cuyahoga County Court of Common Pleas Case No.CR- 691821.

2.  Defendant City of Cleveland is an Ohio municipal corporation and political subdivision that operates the Cleveland Division of Police and employed the individual law-enforcement Defendants at all relevant times.

3.  Defendant Cuyahoga County, Ohio, is a political subdivision of the State of Ohio. It is named to preserve Plaintiff's claims and any indemnification obligations; Plaintiff acknowledges the

Electronically Filed 06/11/2026 00:06 / / CV 26 140487 / Confirmation Nbr. 3881196 / CLYM1

immunity defenses described below and asserts claims against the County in good faith to the extent the law permits.

4. Defendants Detective John Doe and Officers John/Jane Doe 1–5 are law-enforcement officers whose true identities are presently unknown to Plaintiff and will be substituted by amendment once ascertained. They are sued in their individual and official capacities. At all relevant times they acted under color of state law and within the course and scope of their employment, except where they acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over Plaintiff's state-law claims and concurrent jurisdiction over her claims under 42 U.S.C. § 1983. The amount in controversy exceeds the jurisdictional minimum of this Court.

6. Venue is proper in Cuyahoga County under Civ.R. 3(C) because the conduct giving rise to the claims, including the investigation, charging, arrest, and prosecution, occurred in Cuyahoga County, Ohio.

## FACTUAL ALLEGATIONS

7. On or about December 17, 2023, Plaintiff traveled from Georgia to Cleveland, Ohio, to attend a children's fashion show held at a warehouse event venue near 4700 Lakeside Avenue, east of downtown Cleveland.

8. During the event, a dispute arose over the return of clothing, and a physical altercation occurred between Plaintiff and the complaining witness.

9. Police were summoned to the scene at the time of the incident. No one was cited or charged, and the parties separated and went their separate ways.

10. The complaining witness did not pursue criminal charges until after she had driven home to her home in Maryland.

11. Approximately two days after the incident, the complaining witness presented to an orthopedic office in Maryland reporting a finger injury, which she later attributed to the altercation.

Electronically Filed 06/11/2026 00:06 / / CV 26 140487 / Confirmation Nbr. 3881196 / CLYM1

12. The law-enforcement investigation that followed was perfunctory. The initial police report was taken days after the fact, was approximately half a paragraph in length, and reflected little more than the complaining witness's account.

13. The only identification procedure was a six-photograph array assembled from a driver's-license photograph and administered through the out-of-state jurisdiction where the complaining witness resides. No proper, contemporaneous, or non-suggestive identification procedure was conducted, and no meaningful on-scene or Cleveland-side investigation was undertaken.

14. Defendant officers did not interview the numerous eyewitnesses present at the event, did not obtain or credit evidence that police had been called to the scene and charged no one, and did not develop or disclose facts indicating that Plaintiff acted in self-defense.

15. On the basis of this one-sided and materially incomplete record, Plaintiff was indicted by a Cuyahoga County grand jury for felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1).

16. Upon information and belief, the officer(s) who presented or caused the matter to be presented to the grand jury did so while knowingly or recklessly omitting material exculpatory facts — including that police were called to the scene and charged no one, that eyewitnesses identified the complaining witness as the aggressor, that the identification rested on a suggestive out-of-jurisdiction array, and that Plaintiff acted in self-defense — without which probable cause would not have been found.

17. Plaintiff was never informed that police had been called or that an arrest warrant had issued against her. She first learned of the warrant when she attempted to renew her childcare/daycare license in Georgia. Plaintiff then flew into Cleveland to attend an arraignment after making arrangements with the Cuyahoga County Prosecutor's Office.

18. Plaintiff thereafter surrendered on the warrant. She was taken into custody and jailed and was required to post bond to secure her release. As a direct result of the prosecution, she was also compelled to travel from Georgia to Cleveland for arraignment, wait for the Prosecutor's office to appropriately complete service per Marsy's Law and stay in Clevelanfor and again for trial, and to initially retain private defense counsel and a private investigator.

19. Before trial, the State offered to reduce the second-degree felony to disorderly conduct, a fourth-degree misdemeanor in violation of R.C. 2917.11(A)(1), reflecting the weakness of the evidence. Plaintiff, asserting self-defense, declined the offer and exercised her right to trial.

20. Plaintiff's privately retained investigator located approximately six eyewitnesses, who uniformly identified the complaining witness as the initial aggressor who physically attacked Plaintiff — the investigation that law enforcement failed to perform before charging her.

21. On June 11, 2025, after approximately one hour of deliberation, the jury returned a verdict of **not guilty**. The criminal proceeding thus terminated entirely in Plaintiff's favor.

22. Defendants lacked probable cause to initiate and continue the prosecution, and they acted with malice and with, at minimum, reckless disregard for whether probable cause existed.

23. As a direct and proximate result of Defendants' conduct, Plaintiff suffered a deprivation of liberty and substantial damages, including incarceration; travel, lodging, lost income, defense-counsel fees, and investigator costs; harm to her childcare license and livelihood; and emotional distress, humiliation, and reputational harm.

## COUNT I — 42 U.S.C. § 1983: MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS
*(Against the Individual Officer Defendants)*

24. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten.

25. The individual Officer Defendants, acting under color of state law, made, influenced, or participated in the decision to initiate and continue a criminal prosecution against Plaintiff.

26. The prosecution commenced and continued without probable cause and was supported by knowing or reckless misstatements and material omissions in the charging process.

27. As a consequence of the legal proceeding, Plaintiff suffered a deprivation of liberty consistent with the concept of a Fourth Amendment seizure, including her arrest, detention, the imposition of bond, and the compelled appearances that followed. See *Albright v. Oliver*, 510 U.S. 266 (1994).

28. The criminal proceeding terminated in Plaintiff's favor by acquittal, which satisfies the favorable-termination element. *Thompson v. Clark*, 596 U.S. 36 (2022).

29. The Officer Defendants' conduct was objectively unreasonable and violated clearly established constitutional rights of which a reasonable officer would have known, and was undertaken with malice or reckless indifference to Plaintiff's federally protected rights.

30. As a direct and proximate result, Plaintiff is entitled to compensatory damages, punitive damages against the individual Defendants, and attorney's fees and costs under 42 U.S.C. § 1988.

## COUNT II — 42 U.S.C. § 1983: MUNICIPAL (MONELL) LIABILITY
*(Against Defendant City of Cleveland)*

31. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten.

32. Defendant City of Cleveland maintained policies, customs, or practices that were the moving force behind the violation of Plaintiff's constitutional rights, including a custom or practice of initiating felony charges without adequate investigation, of relying on suggestive or out-of-jurisdiction identification procedures, and of failing to train or supervise officers in the development of probable cause and the disclosure of exculpatory information in the charging process. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

33. These policies, customs, or practices reflected deliberate indifference to the constitutional rights of persons such as Plaintiff and directly and proximately caused her injuries.

34. Plaintiff is entitled to compensatory damages and attorney's fees and costs under 42 U.S.C. § 1988 against the City of Cleveland.

## COUNT III — MALICIOUS PROSECUTION (OHIO COMMON LAW)
*(Against the Individual Officer Defendants; and against the City and County in the alternative)*

35. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten.

36. Defendants acted with malice in instituting and continuing the criminal prosecution against Plaintiff; there was no probable cause for the prosecution; and the prosecution terminated in Plaintiff's favor. *Trussell v. Gen. Motors Corp.*, 53 Ohio St.3d 142, 559 N.E.2d 732 (1990).

Electronically Filed 06/11/2026 00:06 / / CV 26 140487 / Confirmation Nbr. 3881196 / CLYM1

37. Malice may be inferred from the absence of probable cause. *Criss v. Springfield Twp.*, 56 Ohio St.3d 82, 564 N.E.2d 440 (1990).

38. To the extent the indictment is asserted as evidence of probable cause, that presumption is rebutted because the indictment was procured through the knowing or reckless presentation of an incomplete and misleading record and the omission of material exculpatory facts. *Deoma v. Shaker Hts.*, 68 Ohio App.3d 72, 587 N.E.2d 425 (8th Dist. 1990).

39. The individual Officer Defendants are not entitled to statutory employee immunity because their acts and omissions were committed with malicious purpose, in bad faith, or in a wanton or reckless manner. R.C. 2744.03(A)(6)(b).

40. As a direct and proximate result, Plaintiff suffered the damages described above, for which the individual Defendants are liable, including punitive damages.

## COUNT IV — ABUSE OF PROCESS (PLEADED IN THE ALTERNATIVE)
### *(Against all Defendants)*

41. Plaintiff incorporates by reference each preceding paragraph as if fully rewritten and pleads this Count in the alternative to Count III.

42. To the extent any legal process was set in motion in proper form, Defendants perverted that process to accomplish an ulterior purpose for which it was not designed, and direct damage resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 626 N.E.2d 115 (1994).

43. As a direct and proximate result, Plaintiff suffered the damages described above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kenisha Oliver respectfully demands judgment against Defendants as follows:

(a) Compensatory damages in an amount in excess of $25,000, to be proven at trial;
(b) Punitive damages against the individual Officer Defendants in an amount to be proven at trial;
(c) Reasonable attorney's fees and costs, including under 42 U.S.C. § 1988;
(d) Pre- and post-judgment interest as allowed by law; and
(e) Such other and further relief, legal or equitable, as the Court deems just and proper.

Respectfully submitted,

/s/ Robert O. Donegan, Jr.
Robert O. Donegan Jr. (0098096)
91 Kraft Street
Berea, Ohio 44017
Phone: (440) 799-1658
Email: rdonegan573@gmail.com
Attorney for Plaintiff Kenisha Oliver

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.


Respectfully submitted,

/s/Robert O. Donegan, Jr.
Robert O. Donegan Jr. (0098096)
91 Kraft Street
Berea, Ohio 44017
Phone: (440) 799-1658
Email: rdonegan573@gmail.com
Attorney for Plaintiff Kenisha Oliver

Electronically Filed 06/11/2026 00:06 / / CV 26 140487 / Confirmation Nbr. 3881196 / CLYM1

CERTIFIED MAIL

RECEIVED

JUN 2 2 2026

CITY OF CLEVELAND
DEPARTMENT OF LAW